STATE v. DANIEL GILCHRIST.

*Murder—Degree—Indictment—Counts—Verdict.*

1. Where a bill of indictment charged a murder on the 9th of February, 1893, prior to the ratification on the 11th of February, 1893, of the act dividing murder into two degrees, and the evidence was that the killing was "on a Thursday night" in that month, and the 9th was Thursday, but there were two Thursdays in that month preceding and two succeeding the 9th, it will be assumed, *in favorem vitæ*, that the crime was committed after the ratification of said act.

2. A bill of indictment following the form authorized by chapter 58, Acts of 1887, and using the words "feloniously, wilfully and of malice aforethought," charges a wilful, deliberate and premeditated killing, which, according to section 1, ch. 85 of the Act of 1893, is murder in the first degree, and, as the highest crime is charged, the law permits a verdict of guilty of this crime, or of murder in the second degree or of manslaughter.

3. In such case. it being in the power of a jury to render either one of three verdicts, it is as if there were three counts in the bill. and it is settled that, where there are various counts in an indictment, and testimony is offered as to one count only, and there is a general verdict of guilty, the verdict will be presumed to have been rendered upon the count to which the evidence was applicable.

4. In the trial of an indictment following the form authorized by chapter 58, Acts of 1887, and charging that the accused "feloniously, wilfully and with malice aforethought did kill and murder," etc., the evidence was that the accused and deceased had quarreled and that the latter had made threats, and the only evidence as to the manner of killing was that the accused had concealed himself and waylaid the deceased, striking him, as he passed, on the head with an axe, and killing him instantly. The Court charged that the crime was murder or nothing, and the jury found accused guilty of the felony and murder in the manner and form as charged in the bill of indictment: *Held,* that, upon the evidence, only a verdict of guilty in the first degree was warranted, and the general verdict was in response to the charge of murder in the first degree and determined the degree in accordance with the Act of 1893.

Indictment for murder, tried at September Term, 1893, of RICHMOND Superior Court, before *Connor, J.*

43

There was evidence that the prisoner and the deceased (Frank McKoy) had some difficulty a short time before the homicide, and that prisoner had made threats against deceased.  There was evidence tending to show that prisoner killed deceased by waylaying the road on which deceased was returning from his work at night; that prisoner concealed himself behind some trees on the side of the road, and as deceased was passing by knocked him on the head with an axe, killing him instantly.  This was the only evidence as to the manner of the killing.

The prisoner asked the Court to instruct the jury that there was no evidence of murder in the first degree.  This was refused, and the Court instructed the jury that the prisoner was guilty of murder in the first degree, or nothing.

The only evidence in regard to the time of the killing was that it was committed on a Thursday night in February, 1893.  The indictment charged the offence to have been committed on the 9th of February, 1893.  Thursday was the 9th of February.

The jury rendered a verdict of guilty in manner and form as charged in the indictment.  The prisoner moved for a new trial upon the ground that the jury, in their verdict, did not determine whether the homicide was murder in the first or second degree, and for error in that the Court refused to give the instruction asked for.  The motion was refused, and the prisoner excepted.  A motion in arrest of judgment was also made, because the jury did not determine, in their verdict, whether the homicide was murder in the first or second degree.  Prisoner excepted, and appealed from the judgment.

*The Attorney General,* for the State.
No counsel, *contra.*

MacRae, J. (after stating the facts): The bill of indictment was drawn under the form authorized in chapter 58 of

the Laws of 1887, and reads as follows: "The jurors for the State, upon their oath, present that Daniel Gilchrist, late of the county of Richmond, with force and arms, at and in said county, on the 9th day of February, A. D. 1893, feloniously, wilfully and with malice aforethought did kill and murder one Frank McKay, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

At the time of the passage of the Act of 1887 there were no degrees in the crime of murder in this State, but on the 11th day of February, 1893, an act was passed "to divide the crime of murder into two degrees, and define the same." This act reads as follows:

"SECTION 1. All murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree, and shall be punished with death.

"SEC. 2. All other kinds of murder shall be deemed murder in the second degree, and shall be punished with imprisonment of not less than two nor more than thirty years in the penitentiary.

"SEC. 3. Nothing herein contained shall be construed to require any alteration or modification of the existing form of indictment for murder, but the jury before whom the offender is tried shall determine in their verdict whether the crime is murder in the first or second degree.

"SEC. 4. That the provisions of this act shall not apply to any crime which shall have been committed prior to the ratification of this act, and shall not affect the existing distinction between murder and manslaughter, nor the punishment for manslaughter as now provided by law.

"SEC. 5. That this act shall be in force from and after its ratification. Ratified the 11th day of February, 1893."

It will be noted that the crime is alleged in the bill to have been committed on the 9th day of February, 1893, prior to the ratification of the act last recited, and that the only evidence as to the time of the homicide fixed it on a Thursday night in February, 1893, and that the 9th of February was on Thursday. So it appears that there were two Thursday nights in February of this year before and two after the 11th. It will be assumed, in favor of human life, that the crime was committed after the passage of the said act.

The verdict is as follows: "That they find the prisoner at the bar, Daniel Gilchrist, guilty of the felony and murder in the manner and form as charged in the bill of indictment." Section 3 of the Act of 1893, as above recited, provides that the jury before whom the offender is tried shall determine in their verdict whether the crime was murder in the first or second degree.

The bill of indictment, using the words "feloniously, wilfully and of *malice aforethought,*" charges a wilful, deliberate and premeditated killing, which, according to section 1 of the Act of 1893, is murder in the first degree. The bill charges the highest crime, and the law permits a verdict of guilty of this crime, or of either murder in the second degree or of the felonious slaying called manslaughter.

The verdict should be taken in connection with the charge of his Honor and the evidence in the case. *State* v. *Long,* 7 Jones, 24; *State* v. *Leak,* 80 N. C., 403; *State* v. *Thompson,* 95 N. C., 596. A perusal of the testimony, as stated in the case on appeal, will show that there was no ground for the prayer for instruction "that there was no evidence of murder in the first degree," and that there was no error in the instruction that he was guilty of murder in the first degree, or of nothing.

The cases cited above settle that where there are various counts in a bill of indictment, and testimony is offered as to one count only, and there is a general verdict of guilty, the

verdict will be presumed to have been rendered upon the count to which the evidence was applicable.

As the jury in this case, upon proper evidence, could have rendered either one of three verdicts of guilty, it is as if there had been three counts in the bill—one for murder in the first degree, one for murder in the second degree, and one for manslaughter. There was no evidence on which to warrant a verdict of guilty of murder in the second degree or of manslaughter. The evidence, if believed, would warrant only a verdict of guilty of murder in the first degree, and that is what, in manner and form, is charged in this bill; and, therefore, the general verdict was in response to the charge of murder in the first degree, and determined the degree in accordance with the statute. We are not unmindful of the fact that our conclusion is apparently at variance with the decisions of the Courts of several other States, and with section 2540 of Thompson on Trials, but an examination of the cases cited will show quite a difference in the words of their statutes and ours.

The bill of indictment charging murder in the first degree, this verdict determines the degree, for it alleges that he is guilty as charged. *Commonwealth* v. *Earl,* 1 Wharton's Penn. Rep., 525.

After a careful examination of the record, we find that there is                                                    No Error.