## STATE v. WINFORD AYSCUE.

(Filed 28 April, 1954.)

**1. Criminal Law § 78c: Appeal and Error § 6c (1)—**

Challenges to the admissibility of certain evidence and the sufficiency of the evidence to carry the case to the jury may not be raised initially in the Supreme Court, but must be presented by exceptions and assignments of error duly made in the lower court.

**2. Criminal Law § 78c: Appeal and Error § 6c (2)—**

An appeal itself is an exception to the judgment, but where the judgment is regular in form and is supported by the verdict, a sole challenge by appeal must fail.

APPEAL by defendant from *Harris, J.,* and a jury, at October Term, 1953, of FRANKLIN.

Criminal prosecution tried upon two bills of indictment, consolidated for trial, charging the defendant with forging and uttering certain checks in violation of G.S. 14-119 and 14-120.

From a verdict of guilty and judgment imposing penal servitude of eighteen months, the defendant appeals.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*John F. Matthews for defendant, appellant.*

PER CURIAM. The defendant, being without counsel in the trial below, seeks to challenge in this Court for the first time (1) the admissibility of portions of the evidence adduced against him, and (2) the sufficiency of the evidence to carry the case to the jury. However, the record discloses no objection to any of the evidence nor motion for judgment as of nonsuit. In fact, nowhere in the record is there an objection or exception to any ruling of the trial court. The objections, first made in this Court, come too late. Decision here is controlled by what is said in *S. v. Howell*, 239 N.C. 78, 79 S.E. 2d 235, and *S. v. Gaston*, 236 N.C. 499, 73 S.E. 2d 311.

True, the appeal itself is an exception to the judgment, *S. v. Sloan*, 238 N.C. 672, 78 S.E. 2d 738, but the judgment appears to be regular in form and is supported by the verdict. It would seem the defendant has applied to the wrong forum.

No error.