STATE v. LEONARD BARHAM.

(Filed 11 November, 1959.)

**1. Criminal Law § 108—**

The defendant's assignment of error that the court failed to give equal stress to his contentions as compared with those of the State *held* not supported by the record.

**2. Criminal Law § 139—**

In a criminal case as well as in a civil case an appeal is an exception to the judgment and in a criminal case presents the question whether the verdict is sufficient to support the judgment.

STATE *v.* BARHAM.

**3. Assault and Battery § 11—**

    A warrant charging that defendant. being a male over eighteen years of age, unlawfully assaulted a named person, without specifying the sex of such person, does not charge an assault upon a female, notwithstanding that the person named is a female.

**4. Assault and Battery § 17—**

    Where the warrant upon which defendant is tried does not charge assault on a female and the evidence discloses that no serious injuries were inflicted on her, the punishment may not exceed a fine of $50.00 or imprisonment for thirty days, notwithstanding that the person assaulted is a female and the charge of the court on the warrant relates to assault on a female, the verdict of the jury being guilty of assault as charged in the warrant.

HIGGINS, J., not sitting.

APPEAL by defendant from *Mallard, J.,* Special May 4 Term, 1959, of VANCE.

The defendant was tried upon three warrants consolidated for trial and judgment in the Recorder's Court of Vance County. From a verdict of guilty and sentence imposed the defendant appealed to the Superior Court where there was a trial *de novo.*

Upon motion of the solicitor the cases were consolidated for trial. The defendant entered a plea of not guilty to the crimes charged in the three separate warrants.

In case No. 3452 the warrant charged that the defendant, Leonard Barham, "did unlawfully and wilfully assault Betty Jean Gupton, a female (he being a male person over the age of 21 years), by turning over, or assisting others in turning over the automobile in which Betty Jean Gupton was riding," etc.

In case No. 3453 the warrant charged that this defendant "did unlawfully and wilfully assault Harvey T. Gupton (he being a male person over 18 years of age), by turning over, or by assisting others in turning over the automobile in which Harvey Gupton was riding." A second count in said warrant charged that the defendant "did unlawfully and wilfully and wantonly damage and injure the personal property of Harvey T. Gupton, to wit: a 1955 Plymouth automobile," etc.

The warrant in case No. 3454 charged that this defendant "did unlawfully and wilfully assault Mae Davis (he being a male over 18 years of age), by turning over or assisting others to turn over the automobile in which Mae Davis was riding," etc.

The jury returned a verdict that Leonard Barham "is guilty as charged in each of the separate warrants."

In case No. 3452 the court imposed a sentence of twelve months,

to be confined in the common jail of Vance County and to be assigned to work under the supervision of the State Prison Department. In case No. 3453 the court imposed a sentence of thirty days on the first count and a sentence of twelve months on the second count, to be confined in the common jail of Vance County and to be assigned to work under the supervision of the State Prison Department. These sentences to run concurrently with the sentence imposed in case No. 3452. In case No. 3454 the court sentenced the defendant to be confined in the common jail of Vance County for a period of nine months to work under the supervision of the State Prison Department. This sentence to begin at the expiration of the sentences imposed in cases Nos. 3452 and 3453.

The defendant appeals, assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton for the State.*

*W. M. Nicholson, James B. Ledford, L. Glen Ledford, and James J. Randleman for defendant.*

DENNY, J. The defendant assigns as error, that the court failed to give equal stress to the contentions of the defendant as compared to those of the State. An examination of the charge leads us to the conclusion that the assignment of error is not supported by the record. Hence, it is overruled. *S. v. Adams,* 245 N.C. 344, 95 S.E. 2d 902; *S. v. Morgan,* 245 N.C. 215, 95 S.E. 2d 507.

In a civil action an appeal constitutes an exception to the judgment rendered and raises two questions: (1) Do the facts support the judgment, and (2) does any error in law appear upon the face of the record? *Goldsboro v. Railroad,* 246 N.C. 101, 97 S.E. 2d 486; *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320.

Likewise, in a criminal case an appeal itself is an exception to the judgment, and if the judgment is regular in form and within the limits of the statute and is predicated upon a verdict sufficient to support it, such judgment will be upheld. *S. v. Ayscue,* 240 N.C. 196, 81 S.E. 2d 403; *S. v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738. It follows, as a matter of course, that if the verdict is not sufficient to support the judgment it will not be upheld.

It will be noted that the warrant in case No. 3454 does not charge the defendant with an assault on a female. However, the evidence discloses that Mae Davis is the mother-in-law of Harvey T. Gupton, the prosecuting witness in case No. 3453. Moreover, she testified in

behalf of the State in the trial below and the judge charged the jury as follows: "As to case #3454, against Leonard Barham, I instruct you that if you find from the evidence and beyond a reasonable doubt, the burden being on the State to so satisfy you that on the 23rd day of February, 1959, that Leonard Barham by turning the car over in which Mae Davis was riding, thereby committed an assault on the prosecuting witness Mae Davis, and that she is a female person, as I have heretofore defined the offense of assault to you, then it will be your duty to render a verdict of guilty against the defendant Leonard Barham, for an assault on a female, if you are satisfied beyond a reasonable doubt that the defendant is over the age of 18 years. If you fail to so find, it will be your duty to render a verdict of not guilty. * * *"

In the case of *S. v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861, the defendant was tried upon a bill of indictment charging that on the 7th day of November, 1957, he "did unlawfully, wilfully, and feloniously rape, ravish and carnally know Shirley Allen, a female, forcibly and against her will," etc. The defendant was tried at the December 2, 1957 Regular Term of the Superior Court of Mecklenburg County and the jury returned a verdict of "guilty of an assault on a female." The defendant testified in the course of the trial that he was at that time nineteen years of age. We upheld the verdict.

In the present case, notwithstanding the instruction of the trial judge to the effect that if the jury found from the evidence and beyond a reasonable doubt that the defendant committed an assault on Mae Davis, "and that she is a female person * * * then it will be your duty to render a verdict of guilty against the defendant Leonard Barham, for an assault on a female, if you are satisfied beyond a reasonable doubt that the defendant is over the age of 18 years, * * *" the jury did not return a verdict of guilty of an assault on a female, but returned a verdict that the defendant Leonard Barham "is guilty as charged in each of the separate warrants."

Since the warrant in case No. 3454 fails to charge an assault on a female, as provided in G.S. 14-33, and the evidence discloses that no serious injuries were inflicted on Mae Davis, the prosecuting witness, the punishment that may be imposed on the verdict in this case may not exceed "a fine of Fifty Dollars ($50.00) or imprisonment for thirty days." Therefore, the Court *ex mero motu* remands case No. 3454 for proper judgment.

In cases Nos. 3452 and 3453—No error.

In case No. 3454—Remanded for proper judgment.

HIGGINS, J., not sitting.