## STATE v. ROLAND E. BEAM.

### (Filed 20 September, 1961.)

**1. Rape § 6;   Assault and Battery § 7—**
   An indictment charging assault with intent to commit rape includes the lesser offense of assault on a female, and it is not required that the indictment allege that defendant, at the time of the assault, was over the age of 18 years, there being a presumption that a male person charged with an assault with intent to commit rape is over 18 years of age.

**2. Assault and Battery § 7—**
   That defendant is over 18 years of age does not create a separate and distinct offense in a prosecution of such defendant for assualt upon a female, but the age of defendant relates only to the punishment, and the burden is upon defendant to prove that he is under 18 years of age if such is the fact.

**3. Same—**
   In a prosecution for assualt to commit rape a verdict of "guilty of simple assault on a female" will support sentence for an assault on a female by a man or boy over 18 years of age when defendant's own evidence discloses that he was over 18 years of age at the time he committed

the assault and no question of defendant's age was raised during the trial, it further appearing that the word "simple" was used in the verdict in response to the charge of the court in distinguishing the assault from an assault with intent to commit rape.

APPEAL by defendant from *Cowper, J.,* April Term 1961 of CRAVEN.

This is a criminal prosecution upon an indictment charging the defendant with an assault on one Gertrude Fenner, a female, with intent to commit rape. The defendant entered a plea of not guilty.

The evidence tends to show that on the evening of 22 December 1960 the prosecutrix, at the instance of the defendant, went to the defendant's Oyster Bar near Cherry Point, North Carolina to work for him. According to the testimony of the prosecutrix, after she had been there for sometime, and while there were no customers in the bar, the defendant locked the door to the bar, made improper advances to her, threw her on the floor and had sexual intercourse with her, forcibly and against her will.

The defendant admitted the act of intercourse but testified it was voluntary on the part of the prosecutrix and that she cooperated fully in the act. Defendant further testified on direct examination by his own counsel: "My name is Sgt. Roland E. Beam; I am married; have been a member of the Marine Corps for 12 years and have an adopted son who is 14 years old."

The jury returned a verdict of guilty of simple assault on a female.

The court imposed a sentence of two years.

The defendant appeals, assigning error.

*Attorney General Bruton for the State.*
*Charles L. Abernethy, Jr. for appellant.*

DENNY, J. We have carefully examined the defendant's exceptions and assignments of error and in our opinion no prejudicial error was committed in the trial below that would justify a new trial.

It will be noted, however, that the jury did not make a specific finding that the defendant was a male person over eighteen years of age. Even so, the defendant does not claim to have been under eighteen years of age on 22 December 1960, nor did he except to and assign as error the failure of the jury to make a specific finding with respect to his age. However, in a criminal action, an appeal itself is an exception to the judgment and presents the question whether or not the verdict is sufficient to support the judgment. *S. v. Barham,* 251 N.C. 207, 110 S.E. 2d 894; *S. v. Ayscue,* 240 N.C. 196, 81 S.E. 2d 403; *S. v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738.

This Court has repeatedly held that in a bill of indictment charging an assault with intent to commit rape, the lesser offense of assault and battery may be found to have been committed, and it is not necessary for the indictment to allege that the defendant, at the time he committed the assault, was over the age of eighteen years. *S. v. Smith,* 157 N.C. 578, 72 S.E. 853; *S. v. Jones,* 181 N.C. 546, 106 S.E. 817.

*Walker, J.,* in speaking for the Court in *S. v. Smith, supra,* said: "Discarding all superfluities and rejecting nice distinctions and subtle refinements, and stripping these statutes to the bone, even to the marrow, the real intention of the Legislature is laid perfectly bare and its meaning becomes apparent. It all, therefore, results in this, that a man who is indicted for an assault with intent to ravish, and is convicted of a *simple assault and battery upon a woman,* without the alleged intent, he being over the age of eighteen years, can be punished at the discretion of the court, without any allegation in the bill as to his age, and cannot shield himself behind the statute conferring jurisdiction on a magistrate of simple assault, nor limit the punishment, under the first proviso of Revisal, sec. 3620 (now G.S. 14-33), to a fine of $50 or imprisonment for thirty days, upon conviction in the Superior Court, where, by the statute, it has acquired jurisdiction. * * * The third proviso (with respect to an assault on a female by a man over eighteen years of age) was not intended to create a separate and distinct offense in law, to be known as an assault and battery by a man, or boy over eighteen years old, upon a woman, but it merely excepted that case from the operation of the first proviso, by which the punishment for a *simple assault was limited to a fine of $50 or imprisonment for thirty days.* It related solely to the degree of punishment for an assault committed upon a woman by a man, or by a boy over eighteen years of age. (Emphasis added) * * *.

"It must be observed that the language of the statute is that if the indictment is for rape, or any felony whatsoever, 'and the crime charged shall include an assault against the person,' the jury 'may find a verdict against the defendant for assault.' It does not describe the kind of assault, but refers to an assault generally and without regard to its degree of punishment under the law. If the assault is of that kind which, if committed with intent to ravish or to commit any other felony, would subject him to punishment for the offense so charged, if convicted of the same, then, subject to the rule already stated, he can be punished at the discretion of the court, if convicted of the assault only."

In the case of *S. v. Jones, supra,* the decision of the Court is succinctly stated in the second headnote as follows: "It is not necessary

for the defendant's age to be stated in the bill of indictment to convict him for an assault on a female, etc., when the proof clearly showed that he was over eighteen at the time of the alleged assault, and on the trial no question was made as to that fact."

The reason the jury returned a verdict of guilty of simple assault on a female in this case, instead of "guilty of an assault on a female," is clearly apparent when the verdict is considered in light of the court's charge. The court in substance charged the jury that if the State had satisfied it beyond a reasonable doubt that the defendant committed an assault on Gertrude Fenner, a female, without intent to commit rape, "it would be your duty to return a verdict of guilty of simple assault on a female." The court was simply emphasizing the difference between an assault on a female with intent to commit rape, and an assault on a female without such intent.

It appears from the evidence in the record on this appeal that no effort was made by the court, the prosecuting attorney or counsel for the defendant in the trial below, to establish the age of the defendant. But, it clearly appears from the defendant's own evidence in the trial, that he was over eighteen years of age at the time he committed the alleged assault, unless we take the untenable position that the defendant may have joined the Marine Corps when he was less than six years of age. He testified at the trial in April 1961 that he was married, and had been a member of the Marine Corps for twelve years, and had an adopted son who is fourteen years of age.

There is a presumption that a male person charged with an assault with intent to commit rape, is over eighteen years of age. If the defendant so charged is under eighteen years of age, such fact is relevant only on the question of punishment and is a matter of defense. *S. v. Lewis,* 224 N.C. 774, 32 S.E. 2d 334, and the burden of establishing this defense is on the defendant. *S. v. Morgan,* 225 N.C. 549, 35 S.E. 2d 621; *S. v. Herring,* 226 N.C. 213, 37 S.E. 2d 319.

On the authorities cited herein and the case of *S. v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861, in which *Justice Bobbitt* assembled and discussed the authorities bearing on this question, we hold that in the trial below there is

No error.