## STATE v. LACY MATHEW THOMPSON.

(Filed 15 June 1962.)

**1. Criminal Law § 107—**

An exception to the charge on the ground that the court failed to refer specifically to certain portions of defendant's testimony cannot be sustained when the charge applies the law to the evidence in the case and gives the position taken by the parties as to each essential feature, a recapitulation of all of the evidence not being required. G.S. 1-180.

STATE v. THOMPSON.

**2. Criminal Law § 100—**

The sufficiency of the State's evidence as to any essential element of the offense should be raised by motion to nonsuit and cannot be properly raised by exceptions to excerpts from the charge of the court.

**3. Automobiles § 72—**

The evidence, considered in the light most favorable to the State, *is held* sufficient to be submitted to the jury on the question of defendant's intoxication and his operation of a vehicle on a public street of a municipality while so intoxicated.

**4. Criminal Law § 154—**

An exception to the entry and signing of the judgment raises the sole question whether error of law appears on the face of the record proper.

**5. Criminal Law § 121; Indictment and Warrant § 14—**

By failing to move to quash and by going to trial upon a warrant charging that defendant operated a motor vehicle on a public street while under the influence of "intoxicating liquor or bitters, morphine or other opiates," defendant waives duplicity in the warrant and may not later raise the question by motion in arrest of judgment.

**6. Criminal Law § 118—**

An apparently ambiguous verdict may be given significance and correctly interpreted by reference to the charge, the facts in evidence, and the instructions of the court.

**7. Automobiles § 75—**

Where the warrant charges defendant with operating a motor vehicle on a public street while under the influence of intoxicating liquor or opiates, a verdict of guilty as charged in the warrant will be upheld when the theory of trial, the evidence, and the charge of the court all relate solely to acts of defendant while under the influence of intoxicating liquor, since in such instance the ambiguity in the verdict is resolved.

**8. Indictment and Warrant § 9—**

An indictment and warrant need not refer to the statute under which it is drawn, and even when it charges the offense in the language of a former statute, it will be upheld when the language is sufficient to charge the offense under an existing statute.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sharp, Special Judge,* January 1962 Criminal Term of ALAMANCE.

Criminal prosecution on a warrant charging that defendant, on December 17, 1960, "did unlawfully, wilfully operate a motor vehicle on the public streets of Graham while under the influence of intoxicating liquor, bitters, morphine or other opiates, against the statute in such case made and provided, and against the peace and dignity of the State and/or in violation of Town Ordinance, Section ......."

Upon trial *de novo* in the superior court, after appeal by defendant from conviction and judgment in the Graham Municipal Recorder's Court, the State's evidence consisted of the testimony of M. E. Guy, a Graham police officer. Defendant, who was not represented at trial by counsel, cross-examined the State's witness and thereafter testified as the sole defense witness.

The jury returned a verdict of "guilty as charged in the warrant." From judgment, imposing a prison sentence, defendant appealed.

*Attorney General Bruton and Assistant Attorney General Barham for the State.*

*Clarence Ross, B. F. Wood and W. R. Dalton for defendant appellant.*

BOBBITT, J. Defendant, in his case on appeal, noted five exceptions to the court's charge. Assignments of Error Nos. 1 and 2, based on Exceptions Nos. 1, 2, 4 and 5, attack the charge on the ground the court, in reviewing what defendant's evidence tended to show, did not refer specifically to certain portions of defendant's testimony. "The recapitulation of all the evidence is not required under G.S. 1-180, and nothing more is required than a clear instruction which applies the law to the evidence and gives the position taken by the parties as to the essential features of the case." *S. v. Thompson*, 226 N.C. 651, 39 S.E. 2d 823. The court's charge complies with this statutory requirement and Assignments of Error Nos. 1 and 2 are overruled.

Assignment of Error No. 3, based on Exception No. 3, attacks this excerpt from the charge: "Now if the State has satisfied you beyond a reasonable doubt that the defendant on the occasion in question was operating a motor vehicle on the public highway of this State, or a public street of the City of Graham at a time when he had drunk a sufficient quantity of intoxicating beverage to cause him to lose the normal control of his mental or bodily faculties, either one or the other, to such an extent that there was an appreciable impairment of either one or both, then it would be your duty to return a verdict of Guilty as Charged in the Warrant."

Defendant asserts the quoted excerpt is erroneous because the court "permitted the jury to find that the defendant was under the influence of intoxicating beverages when there was no evidence in the record that his intoxication was due to any intoxicating beverages, and permitted the jury to find that the street in Graham was a public street or highway when there was no evidence to that effect . . ." Defendant undertakes, by this assignment of error, to challenge the sufficiency of the State's evidence to warrant submission to the jury. As in *S. v.*

*Gaston,* 236 N.C. 499, 73 S.E. 2d 311, defendant did not move for a compulsory nonsuit under G.S. § 15-173, or tender to the court any request for instructions to the jury, or object in any way to any of the proceedings of the superior court preceding the return of the verdict. However, apart from defendant's failure, to raise and present the question in apt time and manner, consideration of the evidence in the light most favorable to the State impels the conclusion it was sufficient to warrant submission to the jury with reference to the matters referred to in Assignment of Error No. 3 and otherwise. Hence, Assignment of Error No. 3 is overruled.

Defendant's Assignment of Error No. 4 is directed "to the entry and signing of the judgment." The appeal itself is considered an exception to the judgment and any other matter appearing on the face of the record. "And the record, in the sense here used, refers to the essential parts of the record, such as the pleadings, verdict and judgment." *Gibson v. Insurance Co.,* 232 N.C. 712, 715, 62 S.E. 2d 320, and cases cited. "An exception to a judgment raises the question whether any error of law appears on the face of the record." *Moore v. Owens,* 255 N.C. 336, 338, 121 S.E. 2d 540; *S. v. Beam,* 255 N.C. 347, 121 S.E. 2d 558.

In this Court, defendant moved "to arrest the judgment for that the warrant charges the defendant, disjunctively, with having been under the influence of mutually inclusive substances without stating which of the respective commandments of the statutes he violated."

We now consider the vital question presented by defendant's appeal, namely, whether error of law appears on the face of the record.

A statute, codified as § 14-387 in the General Statutes of 1943, provided: "Any person who shall, while intoxicated or under the influence of intoxicating liquors or bitters, morphine or other opiates, operate a motor vehicle upon any public highway or cartway or other road, over which the public has a right to travel, of any county or the streets of any city or town in this State, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than fifty dollars or imprisoned not less than thirty days, or both, at the discretion of the court, and the judge shall upon conviction, deny said person or persons the right to drive a motor vehicle on any of the roads defined in this section for a period of not more than twelve months nor less than ninety days." This statute was repealed by Chapter 635 of the Session Laws of 1945.

The statute codified as G.S. § 20-138 has been in full force and effect since its enactment in 1937. It provides: "It shall be unlawful and punishable, as provided in § 20-179, for any person, whether licensed or not, who is a habitual user of narcotic drugs or any person who is

under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within this State."

The warrant, while it contains no reference to any specific statute or town ordinance, discloses on its face that it was drafted in the language of former G.S. § 14-387. Even so, the conduct charged in the warrant is a violation of G.S. § 20-138. The fact the warrant contains no reference to G.S. § 20-138 is immaterial. *S. v. Smith,* 240 N.C. 99, 81 S.E. 2d 263. One purpose of Chapter 635, Session Laws of 1945, which relates to many sections of the General Statutes, was to eliminate unnecessary duplications. In our opinion, and we so decide, the warrant was sufficient to charge defendant with operating a motor vehicle upon the public streets of Graham while "under the influence of intoxicating liquor or narcotic drugs," the language of G.S. § 20-138.

G.S. § 20-138 creates and defines three separate criminal offenses. Under its provisions, it is unlawful and punishable as provided in G.S. § 20-179 for any person, whether licensed or not, (1) who is a habitual user of narcotic drugs, *or* (2) who is under the influence of intoxicating liquor, *or* (3) who is under the influence of narcotic drugs, to drive any vehicle upon the highways within this State. Here, the warrant, in a single count, charges alternatively, that is, in the disjunctive, the commission by defendant of the second or of the third criminal offense created and defined by G.S. § 20-138. See *S. v. Helms,* 247 N.C. 740, 102 S.E. 2d 241.

In *S. v. Williams,* 210 N.C. 159, 185 S.E. 661, an indictment, based on G.S. § 90-88, charged in one count, *in the disjunctive,* several separate and distinct criminal offenses. This Court held the defendant's motion to quash, aptly made, should have been allowed. Here, defendant did not at any time move to quash the warrant. Moreover, defendant's motion in arrest of judgment was first made in this Court.

With reference to the drafting of criminal warrants based on violations of G.S. § 20-138, it is appropriate to emphasize: If it be intended to charge only one of the criminal offenses created and defined by G.S. § 20-138, *e.g.,* the operation of a motor vehicle upon the public highway within this State while under the influence of intoxicating liquor, the warrant should charge this criminal offense and no other. If it be intended to charge two or more of the criminal offenses created and defined in G.S. § 20-138, the warrant should contain a separate count, complete within itself, as to each criminal offense.

In a similar factual situation, this Court held: "By going to trial without making a motion to quash, he (the defendant) waived any duplicity which might exist in the bill." *S. v. Merritt,* 244 N.C. 687, 94 S.E. 2d 825, and cases cited.

In holding defendant has waived the right to attack the warrant on the ground of duplicity, we are not unmindful that defendant was not represented by counsel at trial. Even so, every feature of the trial discloses both the State and defendant considered this criminal prosecution related solely to whether defendant was operating an automobile on the public street of Graham while under the influence of intoxicating liquor. The evidence and charge do not refer in any way to narcotic drugs. In short, the point is technical; and we perceive no prejudice to defendant.

Even so, defendant, relying on *S. v. Albarty*, 238 N.C. 130, 76 S.E. 2d 381, contends the verdict, "guilty as charged in the warrant," is invalid for uncertainty in that it is not sufficiently definite and specific to identify the crime of which defendant was convicted. At first impression the point seems well taken; but, as indicated below, consideration of the record in *S. v. Albarty, supra*, discloses a clear distinction between that case and the present case.

With reference to the verdict, there is a distinction between *S. v. Merritt, supra*, and the present case. There the jury found the defendant "guilty of operating a motor vehicle under the influence of intoxicating liquor," but here the verdict was "guilty as charged in the warrant." But there can be no doubt as to the identity of the criminal offense of which defendant was convicted. The court, in instructing the jury, treated the warrant as charging only one criminal offense, namely, the operation of an automobile on the public street of Graham while under the influence of intoxicating liquor. Whether he was guilty of *this* criminal offense was the only question submitted to the jury; and, as set forth in the excerpt quoted above to which defendant's Assignment of Error No. 3 is directed, the court instructed the jury if they found defendant guilty of *this* criminal offense, it would be their duty "to return a verdict of Guilty as Charged in the Warrant." Immediately thereafter, the court instructed the jury: "If the State has failed to so satisfy you, it would be your duty to return a verdict of Not Guilty."

A verdict, apparently ambiguous, "may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court." *S. v. Smith*, 226 N.C. 738, 40 S.E. 2d 363; *S. v. Beam, supra*. "The verdict should be taken in connection with the charge of his Honor and the evidence in the case." *S. v. Gilchrist*, 113 N.C. 673, 676, 18 S.E. 319, and cases cited; *S. v. Gregory*, 153 N.C. 646, 69 S.E. 674; *S. v. Wiggins*, 171 N.C. 813, 89 S.E. 58. When the warrant, the evidence and the charge are considered, it appears clearly the jury, by their verdict, found defendant

guilty of operating a motor vehicle on the public street of Graham while under the influence of intoxicating liquor.

The record in *S. v. Albarty, supra,* discloses: Near the beginning of the charge, the jury were instructed they could return "one of two verdicts, namely: First, 'Guilty, as charged in this warrant;' or second, 'Not Guilty,'" etc. The jury returned a verdict of "Guilty of Lottery as Charged in the Warrant." In concluding the charge, this instruction was given: "Now the Court charges you that if the State of North Carolina has satisfied you, from the evidence and beyond a reasonable doubt, that the defendant, Albarty, on the occasion mentioned in the warrant; to-wit, on or about the 28th day of October 1952 was operating a lottery; that is, had sold *or* bartered, *or* caused to be sold *or* bartered tickets, tokens, or certificates for shares in a lottery as the Court has defined a lottery to be, either by himself, *or* if he aided and abetted another or others in selling *or* bartering tickets, tokens, or certificates for shares in a lottery, as the court has defined a lottery to be, he would be guilty, as charged in the warrant in this case, and it would be your duty to return a verdict of 'Guilty.' On the contrary, however, if the State of North Carolina has failed to so satisfy you, from the evidence and beyond a reasonable doubt, it would be your duty to acquit him; that is, to return a verdict of 'Not guilty.'" (Our italics) Suffice to say, the court's (quoted) instruction in *S. v. Albarty, supra,* did not remove or tend to remove the ambiguity in the verdict.

The record discloses no error of law deemed sufficient to justify the award of a new trial.

No error.

SHARP, J., took no part in the consideration or decision of this case.