### STATE v. OTIS BEST.

(Filed 20 October, 1965.)

**1. Criminal Law § 97—**

Where, immediately upon defendant's objection to a single improper remark of the solicitor in his argument, the court instructs the jury not to consider the statement, the impropriety is ordinarily cured, and the contention made by defendant for the first time on appeal that the court should have gone further and instructed the jury that the statement was unfair and prejudicial to defendant, is not sustained on the facts of this case.

**2. Criminal Law § 107—**

Where the evidence is simple and direct and without equivocation, and the sole controversy is whether defendant was under the influence of intoxicating liquor at the time he drove upon a public street, an instruction submitting to the jury under correct statements of the applicable law whether defendant was intoxicated at the time and place in question will not be held for error for failure of the court to state the evidence, counsel having answered in the negative whether he wished further instructions. G.S. 1-180.

**3. Indictment and Warrant § 8—**

A defendant waives duplicity in the warrant when he goes to trial without making a motion to quash.

**4. Automobiles § 70—**

Where every feature of the record discloses that the case was contested solely upon whether defendant was under the influence of intoxicating liquor when he drove his automobile on a public street, and neither the evidence nor the charge refers in any way to drugs, the fact that the warrant, charging defendant with operating an automobile on a public street while under the influence of intoxicating liquor or drugs, failed to characterize the drugs as narcotic drugs, is not fatal. G.S. 20-138.

**5. Criminal Law § 118—**

The verdict of the jury may be given significance and interpreted by reference to the charge, the facts in evidence and the instructions of the court.

**6. Criminal Law § 152—**

The setting forth of all of the evidence in the record in question and answer form is a violation of Rule of Practice in the Supreme Court No. 19(4). This Rule is mandatory and may not be waived by the parties, and its violation warrants dismissal of the appeal when no error appears on the face of the record proper.

APPEAL by defendant from *Hubbard, J.,* August 1965 Criminal Session of WAYNE.

Criminal prosecution on a warrant charging defendant with unlawfully and wilfully operating an automobile upon a street in the city of Goldsboro while under the influence of intoxicating liquor or drugs, heard *de novo* upon appeal from an adverse judgment in the County Court of Wayne County.

Plea: Not guilty. Verdict: Guilty.

From a judgment that he pay a fine of $100 and costs, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*Braswell & Strickland by Thomas E. Strickland for defendant appellant.*

PARKER, J. The State's evidence shows the following facts: About 9:45 p.m. on 9 January 1965 in the city of Goldsboro defendant drove an automobile out of Slaughter Street and proceeded east on Elm Street at a speed of 50 miles an hour, with his automobile going back and forth across the street. He ran three automobiles meeting him off the street. He ran through a stop sign and a red traffic light. Two police officers of the city of Goldsboro, who were riding in a police car, followed him with their siren blowing, but he did not stop until he reached a service station ten or twelve blocks from where the officers

first sounded the siren. The officers went to his automobile, opened the door, and asked him to get out. He did so, took two or three steps, fell up against the side of his automobile and propped himself up. His eyes were very red, he had a very strong odor of intoxicating liquor on his breath, his speech was "slurry," and he could not walk "under his own power." In the back seat of his car were several empty beer cans. In the opinion of the two officers, he was under the influence of intoxicating liquor. The officers arrested him, helped him to walk to their car, carried him to the city hall, and booked him for driving an automobile on a public street in the city of Goldsboro while under the influence of intoxicating liquor or drugs.

Defendant's evidence is to this effect: He had had two or three beers, but he was not under the influence of anything intoxicating. He was not unsteady on his feet. He was driving his car normally, and not going back and forth across the street.

The State's evidence was amply sufficient to carry its case to the jury. Defendant made no motion for judgment of nonsuit at the close of all the evidence, and makes no contention in his brief that the State's case should have been nonsuited.

The prosecuting officer in his argument to the jury said: "Let's take these drunken drivers off of the streets so we can get home tonight." Defendant objected to this statement, and the trial judge promptly instructed the jury not to consider this statement by the prosecuting officer. Defendant assigns as error that the trial court did not go further and instruct the jury that such statement by the prosecuting officer was unfair and prejudicial to him. In our opinion, the prompt action of the trial judge in instructing the jury not to consider this statement by the prosecuting officer corrected any prejudicial effect of such statement, and was to the effect that such statement was improper. So far as the record discloses, defendant was satisfied with the trial court's instruction to the jury, and did not request the trial judge to instruct the jury further that such statement was unfair and prejudicial to him, but makes that contention for the first time in his assignment of error. This assignment of error is overruled.

Defendant assigns as error that the court "erred when it failed to state any of the evidence and apply the law thereto." G.S. 1-180 reads in relevant part: "He [the judge] shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto * * *." The trial court stated no evidence in its charge, but, immediately after defining "under the influence of intoxicating liquor" within the meaning of G.S. 20-138 in substantially the

same language as used in *S. v. Carroll*, 226 N.C. 237, 37 S.E. 2d 688, did apply the law to the evidence as follows:

"The Court charges you that if you find from the evidence and beyond a reasonable doubt that on the 9th day of January of this year the defendant Otis Best operated a motor vehicle, automobile, on the streets of Goldsboro, and that at that time and place he had previously taken a sufficient quantity of intoxicating beverage of some kind to cause him then and there to have lost the normal control or use of his bodily or mental faculties, either or both, to an appreciable degree of either or both of those faculties, then upon such finding, beyond a reasonable doubt, it would be your duty to return a verdict of guilty.

"If you fail to so find, or if you have a reasonable doubt about it, it would be your duty to return a verdict of not guilty."

Then, at the end of its charge the record shows the following:

"The Court inquires of counsel: 'Are there any further instructions desired?' Counsel for defendant and the Solicitor answered: 'No sir.'"

This Court said in *Morris v. Tate*, 230 N.C. 29, 51 S.E. 2d 892:

"The statute [G.S. 1-180], therefore, sensibly requires, on the part of the judge, a statement of the evidence to which he is attempting to apply the law. It is true that our decisions have rationalized the statute so that the statement of the evidence it requires may be dispensed with when the facts are simple; *Duckworth v. Orr*, 126 N.C. 674, 677, 36 S.E. 150; *S. v. Reynolds*, 87 N.C. 544; *S. v. Grady*, 83 N.C. 643; thus leaving the court another troublesome penumbra to deal with in its line-fixing burdens."

See also *S. v. Thompson*, 226 N.C. 651, 39 S.E. 2d 823; *S. v. Thompson*, 257 N.C. 452, 126 S.E. 2d 58. The evidence was simple and direct and without equivocation and complication. While the charge is not a model to be followed, it is our opinion that under the factual situation here it is a sufficient compliance with the requirements of G.S. 1-180. This assignment of error is overruled.

The warrant charges defendant with unlawfully and wilfully operating an automobile while under the influence of intoxicating liquor or drugs. G.S. 20-138, *inter alia*, prohibits the operation of an automobile on a highway within the State while under the influence of narcotic drugs, not under the influence of drugs. As to the duplicity of charging two of the criminal offenses created and defined in G.S. 20-138, see *S.*

*v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58. However, by going to trial without making a motion to quash, defendant waived any duplicity in the warrant. *S. v. Merritt,* 244 N.C. 687, 94 S.E. 2d 825; *S. v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58.

There can be no trial, conviction or punishment without a formal and sufficient accusation. *S. v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262. We have repeatedly said that prosecuting officers should carefully read warrants and indictments before proceeding to trial.

The verdict in the instant case was guilty. Every feature of the trial discloses that both the State and defendant considered this criminal prosecution related solely to whether defendant was operating an automobile on a public street in Goldsboro while under the influence of intoxicating liquor. The evidence and the charge do not refer in any way to drugs. The court, in its charge, treated the warrant as charging only one criminal offense, namely, the operation of an automobile on a public street of the city of Goldsboro while under the influence of intoxicating liquor, and whether defendant was guilty of this criminal offense was the only question submitted to the jury. There can be no doubt as to the identity of the criminal offense of which defendant was convicted. What was said in a similar factual situation in *S. v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58, is controlling here:

> "A verdict, apparently ambiguous, 'may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court.' *S. v. Smith,* 226 N.C. 738, 40 S.E. 2d 363; *S. v. Beam, supra* [255 N.C. 347, 121 S.E. 2d 558]. 'The verdict should be taken in connection with the charge of his Honor and the evidence in the case.' *S. v. Gilchrist,* 113 N.C. 673, 676, 18 S.E. 319, and cases cited; *S. v. Gregory,* 153 N.C. 646, 69 S.E. 674; *S. v. Wiggins,* 171 N.C. 813, 89 S.E. 58. When the warrant, the evidence and the charge are considered, it appears clearly the jury, by their verdict, found defendant guilty of operating a motor vehicle on the public street of Graham while under the influence of intoxicating liquor."

The solicitor for the State and counsel for defendant agreed upon the case on appeal. All the evidence in the record is by question and answer, and not in narrative form, and therefore does not comply with Rule 19(4), Rules of Practice in the Supreme Court, 254 N.C. 783, p. 800; *S. v. McNeill,* 239 N.C. 679, 80 S.E. 2d 680. This Rule is mandatory and may not be waived by the parties. *S. v. Powell,* 238 N.C. 550, 78 S.E. 2d 343; *S. v. McNeill, supra.*

While defendant has failed to comply with Rule 19(4), Rules of Practice in the Supreme Court, we have discussed *seriatim* his assign-

ments of error and found them untenable.

According to our decisions, the judgment will be affirmed, and the appeal dismissed, as no error appears in the record proper. *S. v. Powell, supra; S. v. McNeill, supra.*

Judgment affirmed; Appeal dismissed.