STATE v. ARLENE JORDAN STROUTH (APPLE).

(Filed 14 January, 1966.)

**Automobiles § 70;   Indictment and Warrant § 14—**

A defendant who goes to trial on a warrant charging him with operat-ing a motor vehicle upon a public highway "while under the influence of intoxicating liquor—narcotic drugs" may not for the first time on appeal raise the question of duplicity, since he waives the defect by failing aptly to move to quash.

APPEAL by defendant Arlene Jordan Strouth (Apple) from *Mc-Loughlin, J.,* June 7, 1965 Regular Session, GUILFORD Superior Court, Greensboro Division.

This criminal prosecution originated by affidavit and warrant issued by the Criminal Division, Municipal County Court of Guilford. The affidavit was made by Frank Miller, member of the State Highway Patrol, charging that the "Defendant on or about the third day of March, 1965, . . . did unlawfully and wilfully drive a motor vehicle upon the highway while under the influence of intoxicating liquor—narcotic drugs at Raleigh Street and Sullivan Street, Greensboro."

The order of arrest contained the following: "For the reasons stated in the foregoing affidavit which is hereby made a part of the warrant, you are hereby commanded to arrest the above named . . ."

The records of the Municipal County Court show the following: "Plea: Not guilty. Verdict: Guilty. Prayer for judgment continued for 12 months on condition the defendant pay a fine of $100.00 and costs and not operate a motor vehicle in the State of North Carolina for a period of 12 months. . . . The defendant . . . gives notice of appeal in open court."

In the Superior Court before the jury, Patrolman Miller testified that on March 3, 1965, at 11:40 p.m., he observed a slowly moving motor vehicle on Raleigh and Sullivan Streets in Greensboro, being driven by the defendant. When the vehicle stopped several feet from the curb, the officer found the defendant slumped over on the steering wheel and, in his opinion, she was under the influence of intoxicating liquor. She admitted to the officer that some time before she had had a beer. She stated she had been taking different medicines which had been prescribed by her physician.

The defendant testified in her own defense. She denied she was under the influence of alcoholic beverages. She admitted, "That day I had drank the beer that I told him about, a part of one, and a cocktail between 1:00 and 1:30 in the afternoon. . . . I have taken narcotics, but not that day."

The jury returned this verdict: "Guilty as charged." From the judgment imposed, the defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*
*E. L. Alston, Jr., for defendant appellant.*

HIGGINS, J. The defendant went to trial in the Municipal Court upon the charge of operating a motor vehicle upon the public highway while she was "under the influence of intoxicating liquor—narcotic drugs." She was convicted and appealed to the Superior Court. In the Superior Court she was tried *de novo* on the warrant.

The jury returned a verdict: "Guilty as charged." In neither court did the defendant challenge or object to the warrant.

In her appeal to this Court, for the first time, she takes the position that the warrant charges operation of a motor vehicle while under the influence of intoxicating liquor or, in the alternative, under the influence of narcotic drugs. Possibly the better view of the language used is that the warrant charges both. A driver may be under the influence of both liquor and drugs. If it be conceded, however, that the warrant charges in the disjunctive, the objection should have been raised by motion to quash the warrant made before trial. "As to the duplicity of charging two of the criminal offenses created and defined in G.S. 20-138, see *State v. Thompson*, 257 N.C. 452, 126 S.E. 2d 58. However, by going to trial without making a motion to quash, defendant waived any duplicity in the warrant." *State v. Best*, 265 N.C. 477, 144 S.E. 2d 416. "By going to trial without making a motion to quash, he waived any duplicity which might exist in the bill." *State v. Merritt*, 244 N.C. 687, 94 S.E. 2d 825.

The record does not contain the judge's charge. We may assume, therefore, that he properly instructed the jury as to permissible verdicts under the evidence.

No error.