## STATE OF NORTH CAROLINA v. LESTER GREEN.

### (Filed 30 March, 1966.)

**1. Criminal Law § 162—**

The exclusion of evidence cannot be held prejudicial when the record fails to show what the witness would have testified if permitted to answer.

**2. Automobiles § 3—**

In a prosecution for driving a motor vehicle without a license, a question asked a police officer as to whether it was not true that in practically no instance would a driver have a new registration and new title for an automobile purchased only three days before, is irrelevant.

**3. Indictment and Warrant § 14—**

A defendant waives duplicity in the warrant by going to trial without moving to quash.

**4. Criminal Law § 118—**

A verdict will be interpreted with reference to the charge, the evidence, the theory of trial, and the instructions of the court.

**5. Automobiles § 75—**

Where the case is tried solely on the controverted question of whether defendant was operating his motor vehicle on a public street while under the influence of intoxicating liquor, the jury's verdict of guilty will be construed with reference to the evidence, the theory of trial and the charge of the court, obviating any ambiguity in the warrant in charging

operation of a vehicle while under the influence of intoxicating liquor or narcotics.

**6. Criminal Law § 139—**

Upon appeal from a judgment entered upon defendant's plea of guilty, the judgment must be affirmed when the sentence is within the limits prescribed by statute and no fatal defect appears upon the face of the record proper.

Moore, J., not sitting.

Denny, E.J., took no part in the consideration or decision in this case.

Appeal by defendant from *McLean, J.,* 8 November 1965 Session of Catawba.

Criminal prosecution on five warrants, all five cases heard *de novo* on appeal in each of the five cases from a conviction and judgment imposed upon defendant in each of the five cases by the municipal court of the city of Hickory.

The defendant is an indigent, and was represented by his court-appointed attorney, A. Terry Wood.

The case on appeal filed in this Court did not contain copies of any of the five warrants, but contained a stipulation signed by the solicitor and by defendant's court-appointed counsel that the case on appeal should not contain copies of said warrants. The State, through the Attorney General, moved to dismiss the appeal upon authority of *S. v. Hunter,* 245 N.C. 607, 96 S.E. 2d 840, for that the record on appeal is fatally defective in that it does not contain copies of the warrants. The Court denied this motion. The Court allowed defendant's motion for diminution of the record in order to file as part of the record certified copies of the said five warrants.

In Case No. 35 the warrant charges that defendant on 8 November 1964 did unlawfully and wilfully operate a motor vehicle upon the public streets and highways within the State without first securing an operator's license as required by G.S. 20-7(a), and in this case defendant entered a plea of guilty. In Case No. 36 the warrant charges that defendant on 8 November 1964 did unlawfully and wilfully operate an automobile upon the public highways within the State without having liability insurance in effect as required by G.S. 20-313, and in this case defendant entered a plea of guilty. In Case No. 34 the warrant charges that defendant on 8 November 1964 did unlawfully and wilfully operate a motor vehicle upon the public streets and highways within the State while under the influence of intoxicating liquor or narcotics, a violation of G.S. 20-138. In Case No. 37 the warrant charges that defendant on 8 November 1964 did unlawfully and wilfully operate a motor vehicle

upon the public highways within the State with a registration plate which was issued for another motor vehicle, a violation of G.S. 20-111, Subsection 2. Cases Nos. 34 and 37 were consolidated for trial, and defendant entered a plea of not guilty. The jury returned a verdict of guilty as charged in Cases Nos. 34 and 37. In Case No. 38 the warrant charges defendant on 4 March 1965 with the larceny of an automobile battery, the property of Frank Deal, of a value of less than $200, and with receiving said property knowing it to have been stolen. The record states the court directed a verdict of not guilty in the larceny and receiving case.

The judgment of the court on the conviction in Case No. 34 was that defendant be imprisoned for a term of eight months; the judgment of the court on the plea of guilty in Case No. 35 was that defendant be imprisoned for a term of eight months, this sentence to begin at the expiration of the sentence pronounced in Case No. 34; the judgment of the court on the plea of guilty in Case No. 36 was that defendant be imprisoned for a term of eight months, this sentence to begin at the expiration of the sentence pronounced in Case No. 35; the judgment of the court upon the conviction in Case No. 37 was that the defendant be imprisoned for a term of 30 days, this sentence to run concurrently with the sentence pronounced in Case No. 36.

From each judgment of imprisonment, defendant appealed to the Supreme Court. By order of the court he was allowed to appeal in forma pauperis, and the court reporter was ordered to furnish him with a trial transcript, and A. Terry Wood was appointed by the court to represent defendant on his appeal to this Court.

*Attorney General T. W. Bruton, Staff Attorney Wilson B. Partin, Jr., and Assistant Attorney General Charles D. Barham, Jr., for the State.*

*A. Terry Wood for defendant appellant.*

PER CURIAM. The State's evidence shows the following facts: About 4:45 p.m. on 8 November 1964 Stanley S. Frye, a member of the police department of the city of Hickory, saw defendant operating an automobile upon a public street within the city of Hickory. He was looking for defendant's automobile because he had had a report earlier in the day that it had been involved in an accident and had failed to stop. He stopped the automobile and asked defendant if he had an operator's license. Defendant said he did not have an operator's license. Defendant got out of his automobile and leaned back against it. He was unsteady on his feet, and had the odor of alcohol on his breath. In the opinion of the officer, defendant

was under the influence of intoxicating liquor. He had a Virginia license plate on his vehicle, which plate belonged to J. C. Ruby of Connelly Springs. Defendant said he got the license plate off another automobile. When he saw defendant he seemed to be operating his automobile in a proper fashion. Defendant said he had had his automobile a couple of days, and that he had bought it from Walter's Motors. The officer arrested him at the scene for driving an automobile while under the influence of intoxicating liquor and for operating his automobile without having an operator's license. Defendant has never been charged with being involved in an accident and failing to stop at the scene. Defendant did not have a registration card indicating he had a Virginia license.

Defendant's testimony shows the following facts: He lives in Longview and works at Hildebran in the Hildebran Hosiery Mills. When the officers stopped him, he got out of his automobile, and walked back to their car to talk with them. What the officer smelled on his breath was TB medicine. The name of the medicine is PAS 9-H, and he testified, "it smells more than any white liquor you ever smelled in your life." He had not had anything to drink that afternoon except that medicine. The officer followed him about a mile before he stopped him. He got the Virginia license plate from his brother-in-law, put it on his automobile, and started operating it.

Defendant has two assignments of error, both relating to the jury trial in Cases Nos. 34 and 37. The first one is to the court's sustaining an objection by the solicitor to the following question asked police officer Frye by defendant's counsel: "And isn't it true that in practically no instance will you have a new registration and new title for an automobile which you have just bought two or three days before?" This assignment of error is overruled because the record fails to show what the witness would have testified to if permitted to answer. *S. v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342. Further, the question asked was irrelevant, and defendant in his brief states he "abandons" this assignment of error.

Defendant's assignment of error to the charge that in part it is not in the spirit of G.S. 1-180, nor does it meet the requirements thereof, is without merit, and is overruled. A reading of the charge shows a substantial compliance with the provisions of G.S. 1-180, and error in the charge prejudicial to defendant is not shown.

In Case No. 34 the warrant charges defendant did unlawfully and wilfully operate a motor vehicle upon the public streets and highways within the State while under the influence of intoxicating liquor or narcotics. The verdict of the jury was guilty. Defendant, by going to trial on this warrant without making a motion to

quash, waived any duplicity in the warrant. *S. v. Best,* 265 N.C. 477, 144 S.E. 2d 416.

Every feature of the trial discloses that both the State and defendant considered the criminal prosecution in Case No. 34 related solely to whether defendant was operating an automobile on a public street in Hickory while under the influence of intoxicating liquor. It is true that the defendant testified that the only thing that he had been drinking that afternoon was TB medicine, PAS 9-H, and that "it smells more than any white liquor you ever smelled in your life." There is nothing in defendant's testimony to suggest that he was under the influence of this TB medicine. The court, in its charge, treated the warrant as charging only one criminal offense, namely, the operation of an automobile on a public street of Hickory while under the influence of intoxicating liquor, and whether defendant was guilty of this criminal offense was the only question submitted to the jury in Case No. 34. There can be no doubt as to the identity of the criminal offense of which defendant was convicted. What was said in a similar factual situation in *S. v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58, is controlling here:

> "A verdict, apparently ambiguous, 'may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court.' *S. v. Smith,* 226 N.C. 738, 40 S.E. 2d 363; *S. v. Beam, supra* [255 N.C. 347, 121 S.E. 2d 558]. 'The verdict should be taken in connection with the charge of his Honor and the evidence in the case.' *S. v. Gilchrist,* 113 N.C. 673, 676, 18 S.E. 319, and cases cited; *S. v. Gregory,* 153 N.C. 646, 69 S.E. 674; *S. v. Wiggins,* 171 N.C. 813, 89 S.E. 58. When the warrant, the evidence and the charge are considered, it appears clearly the jury, by their verdict, found defendant guilty of operating a motor vehicle on the public street of Graham while under the influence of intoxicating liquor."

In the trial of consolidated Cases Nos. 34 and 37 we find no error.

In Case No. 35 the warrant charges that defendant on 8 November 1964 did unlawfully and wilfully operate a motor vehicle upon the public streets and highways within the State without first securing an operator's license as required by G.S. 20-7(a). In this case defendant entered a plea of guilty. The judgment of the court that in this case defendant be imprisoned for a term of eight months, this sentence to begin at the expiration of the sentence pronounced in Case No. 34, is within the limits prescribed by G.S. 20-7(n), and is affirmed. *S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695; *S. v. Downey,*

253 N.C. 348, 117 S.E. 2d 39. Defendant has no assignment of error in respect to Case No. 35.

In Case No. 36 defendant entered a plea of guilty. The judgment of the court that in this case defendant be imprisoned for a term of eight months, this sentence to begin at the expiration of the sentence pronounced in Case No. 35, is within the statutory limits prescribed by G.S. 20-313(a), and is affirmed. Defendant has no assignment of error in respect to this case.

The result is this:

In the trial of consolidated cases Nos. 34 and 37: No error.

In Case No. 35, the judgment is affirmed.

In Case No. 36, the judgment is affirmed.

MOORE, J., not sitting.

DENNY, E.J., took no part in the consideration or decision in this case.