State v. Burris

STATE OF NORTH CAROLINA v. THOMAS JAMES BURRIS

No. 7319SC119

(Filed 28 March 1973)

1. Automobile § 125; Indictment and Warrant § 9— two crimes charged — necessity for separate count charging each crime — quashal of warrant proper

If it be intended to charge two or more of the three criminal offenses created and defined in G.S. 20-138, the warrant should contain a separate count, complete within itself, as to each criminal offense; therefore, the trial court should have quashed the warrant charging defendant with unlawfully and wilfully operating "a motor vehicle upon the public streets or highways while under the influence of some alcoholic beverage or narcotic drugs" since that language embraced two of the offenses in one count.

2. Indictment and Warrant § 15— motion to quash warrant — discretionary matter — review of ruling

Whether a motion to quash the warrant will be entertained when made for the first time in superior court from an appeal from recorder's court is for determination by the trial judge in the exercise of his discretion, and while the exercise of such discretion to rule on the motion is not reviewable on appeal, the judge's ruling on the motion is subject to review.

APPEAL by defendant from Chess, Special Judge, 18 September 1972 Session of ROWAN County Superior Court.

Defendant was tried in Rowan County Recorder's Court on 1 April 1965 upon a warrant, the pertinent part of which reads as follows:

"In The County Court, Salisbury, N. C. The affiant being duly sworn upon his oath deposes and says that: On Sun the 21 day of Feb 1965 at 2:15 A.M. in Rowan County in the vicinity of Rockwell 2-S on US 52 Thomas J. Burris did unlawfully and willfully operate a motor vehicle upon the public streets or highways:

x DD—While under the influence of some *alcoholic beverage or narcotic drugs.*" (Emphasis added.)

Defendant was found guilty and appealed to Rowan Superior Court.

Prior to pleading in Superior Court, defendant made a motion to quash the warrant for the reason that it charged in the alternative that defendant was under "the influence of some

alcoholic beverage or narcotic drugs." The trial court overruled defendant's motion and defendant pled not guilty. The jury found defendant guilty and from judgment entered thereon, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Eatman, for the State.*

*Robert M. Davis for defendant appellant.*

MORRIS, Judge.

[1, 2] Defendant contends on appeal that the warrant charged in one count two separate and distinct offenses alternatively, that is, in the disjunctive, and that the warrant was thereby rendered void for uncertainty. The above warrant contains no reference to any specific statute but the conduct charged was a violation of G.S. 20-138 as then written and the fact that the warrant contains no reference to G.S. 20-138 is immaterial. *State v. Smith,* 240 N.C. 99, 81 S.E. 2d 263 (1954). G.S. 20-138 at the time defendant was charged provided as follows:

> *"Persons under the influence of intoxicating liquor or narcotic drugs.*—It shall be unlawful and punishable, as provided in § 20-179, for any person, whether licensed or not, who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within this State."

In regards to G.S. 20-138, Justice Bobbitt (now C.J.) in *State v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58 (1962), cert. denied 371 U.S. 921, 9 L.Ed. 2d 230, 83 S.Ct. 288 (1962), stated the following at page 456:

> "G.S. § 20-138 creates and defines three separate criminal offenses. Under its provisions, it is unlawful and punishable as provided in G.S. § 20-179 for any person, whether licensed or not, (1) who is a habitual user of narcotic drugs, *or* (2) who is under the influence of intoxicating liquor, *or* (3) who is under the influence of narcotic drugs to drive any vehicle upon the highways within this State. . . .
>
> With reference to the drafting of criminal warrants based on violations of G.S. § 20-138, it is appropriate to emphasize: If it be intended to charge only one of the criminal

offenses created and defined by G.S. § 20-138, *e.g.*, the operation of a motor vehicle upon the public highway within this State while under the influence of intoxicating liquor, the warrant should charge this criminal offense and no other. If it be intended to charge two or more of the criminal offenses created and defined in G.S. § 20-138, the warrant should contain a separate count, complete within itself, as to each criminal offense."

However, in *Thompson*, it was held that defendant by going to trial without making a motion to quash had waived any duplicity that might have existed in the warrant.

In the case at hand no motion to quash the warrant appears in the record of the trial in the Recorder's Court. However, defendant did move to quash the warrant before pleading in Superior Court. Whether a motion to quash will be entertained when made for the first time in superior court from an appeal from recorder's court is for determination by the trial judge in the exercise of his discretion. *State v. St. Clair*, 246 N.C. 183, 97 S.E. 2d 840 (1957). While the exercise of such discretion to rule on the motion is not reviewable on appeal, his ruling on the motion is subject to review. *State v. Powell*, 10 N.C. App. 443, 179 S.E. 2d 153 (1971). Applying the principles enunciated in *State v. Thompson, supra,* we conclude that the trial judge erred in refusing to quash the warrant upon defendant's motion in Superior Court.

Reversed.

Judges CAMPBELL and HEDRICK concur.