### STATE v. JULIUS REYNOLDS.

*Judge's Charge—Larceny—Recent Possession.*

1. The court in its charge did not advert to the evidence elicited on cross-examination, but told the jury "to base their verdict upon all the evidence;" *Held* no error. It is the duty of counsel in such case, if evidence important to the defence has been overlooked, *then* to call the judge's attention to it.

2. Defendant was charged with stealing tobacco and silver money on Saturday, and the proof was that the store of the prosecutor had been entered, and tobacco like his (together with the identified silver money) was found in defendant's possession on the following Monday; *Held* there was some evidence of the larceny of the tobacco.

4. Whether the rule of presumption from recent possession applies in a case where money is alleged to have been stolen—*Quære.*

(*State* v. *Grady*, 83 N. C., 643, cited and approved.)

INDICTMENT from larceny tried at Spring Term, 1882, of GUILFORD Superior Court, before *Graves, J.*

The defendant is charged with stealing a pound of tobacco and money of the value of one dollar from J. L. Harden and was found guilty of the offence. On the trial it was in evidence that the store of the prosecutor was entered and money left in the drawer on Saturday taken. Tracks, corresponding with those of the defendant, were found near the place on Monday following, and the defendant had in his possession a piece of sleek silver coin identified as having been in the drawer on Saturday, and also several plugs of tobacco of the same kind as was in the box in the store, neither of which did the defendant have on Saturday, and most of this day he had spent at the store. The tobacco was not further identified than by its similarity to that of the prosecutor.

It was also in proof that the defendant, after his examination before the committing magistrate on the charge, said, that the prosecutor "had sworn to a sleek piece of money before the magistrate, and that he (defendant) could not see how he (prosecutor) could swear to a piece of sleek money; that there were three or four pieces of sleek money in the drawer or box."

Upon this evidence the solicitor in his argument insisted that the possession of the stolen goods so recently after the theft, raised a presumption of guilt, and made it incumbent on the defendant to account for and explain his possession; while the counsel for defendant contended that the presumption did not apply to money, which was constantly passing from hand to hand, as a circulating medium in trade, and asked the court so to instruct the jury.

The court made no comment and gave no instruction as to the force and effect of presumption arising out of the possession of stolen goods, but submitted the evidence to the jury for them to pass upon its credit and weight in arriving at a verdict.

The court was also asked to charge that there was no evi-

35

dence of the larceny of the tobacco, which His Honor declined to do, but recapitulated the evidence given by the witnesses, not adverting to such as was elicited upcn the cross-examination, and submitted the case to the jury.

Verdict of guilty, judgment, appealed by defendant.

*Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J. The case presented on the record seems to assign three errors which we are called on to examine and decide.

1. The omission to recall the attention of the jury to the evidence extracted from the witnesses on their cross-examination :

The court was not asked to do this, and we must assume did present all that was material and pertinent to the inquiry as to the defendant's guilt, closing with the remark that the jury " must base their verdict upon *all the evidence.*"

It is only necessary in disposing of the exception to repeat what has been recently said in another case. ." It was the duty of counsel if evidence important to the defence had been overlooked, *then* to call it to the attention of the judge and have the omission supplied. It would be neither just to him, nor conducive to a fair trial to allow this neglect or oversight, attributable to the counsel quite as much as to the judge, to be assigned for error, entitling the accused to another trial, whatever force it might have in influencing the court in the exercise of an unreviewable discretion to grant it." *State* v. *Grady,* 83 N. C.; 643.

2. The omission of the court to qualify the rule of presumption from the recent possession of stolen goods as inapplicable to the currency in use :

The court gave no directions nor adverted to this rule of evidence, and of course could not be called on to annex the qualification. So far as we can see, the whole matter was

left to the jury to draw such inferences as the evidence warranted, and this was certainly not prejudicial to the defendant's case. The state had no benefit of the rule under the charge, and the arguments of each party on the point were made to the jury.

3. The last exception is to the omission to tell the jury that there was no evidence of the larcency of the tobacco:

There was some evidence in support of this charge, in that, the defendant had no tobacco on Saturday and had some like that of the prosecutor on Monday, and had the identified silver money, thus having access to each and equal opportunities of taking both.

But if the point had been well taken, the refusal so to charge has not been prejudicial to the defendant. But one criminal act is imputed, and the felonious taking and removing either of the articles mentioned constitute the crime; and it is not changed in grade or aggravated in the imposed punishment by the larceny of both. No harm has therefore come to the defendant by his conviction of stealing both, that would not have resulted from his conviction of stealing either.

We advert to the use of the term "*money*" in the bill as descriptive of the coin taken, only to say that it is made sufficient so to charge in the bill by the act of 1876-'77 ch. 68.

There is no error, and this must be certified that judgment may be rendered on the verdict.

No error. Affirmed.