W. R. SORRELL ET AL. v. T. V. STEWART.

(Filed 10 October, 1923.)

**Evidence—Nonsuit—Title to Lands—Inheritance.**

Upon defendant's motion to nonsuit, the evidence will be construed in the light most favorable to the plaintiff, and where the defendant is in possession of the lands in controversy and plaintiff has shown title thereto by possession and by inheritance, through successive ancestors, for a long period of time, the defendant's motion as of nonsuit is properly denied.

APPEAL by defendant from *Horton, J.,* at February Term, 1923, of HARNETT.

Civil action in ejectment, tried upon the following issues:

"1. Are the plaintiffs the owners of the lands described in the complaint? A. 'Yes.'

"2. Did the defendant trespass upon said lands by cutting timber therefrom? A. 'Yes.'

"3. What damage, if any, are the plaintiffs entitled to recover of the defendant therefor? Answer: '$200.' "

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*Clifford & Townsend for plaintiffs.*
*Godwin & Williams, L. L. Levinson and Charles Ross for defendant.*

STACY, J. The defendant's main exception, as stressed on the argument and in his brief, is the one directed to the refusal of the court to grant his motion for judgment as of nonsuit, made first at the close of plaintiffs' evidence, and renewed at the close of all the evidence.

Viewing the evidence in its most favorable light for the plaintiffs, the accepted position on a motion of this kind, we find the following facts sufficiently established, or as reasonable inferences to be drawn from the testimony:

Plaintiffs offered a grant from the State, issued in 1785 to John Atkins. There was some evidence tending to show that this grant covered the *locus in quo.* Lovett Ryals, grandfather of the plaintiffs, bought the land and was in possession of it for many years prior to his death in 1856. After his death, the land was divided and Eliza Ryals, daughter of Lovett Ryals, came into possession of the portion now in dispute, which she held until her death, eighteen or twenty years ago. Nancy J. Sorrell and John L. Ryals, the only other children of Lovett Ryals, inherited the property from their sister, Eliza Ryals, and Nancy J. Sorrell, mother of the plaintiffs, took possession of the portion involved in this controversy. Nancy J. Sorrell died in 1916, leaving a last will and testament in which she devised the property to her children, plaintiffs herein. Defendant is now in possession, claiming the property as his own.

This evidence, we think, was sufficient to carry the case to the jury. Hence the defendant's motion for judgment as of nonsuit was properly overruled.

The remaining exceptions are untenable. They are directed to portions of the charge, but we have found no valid reason for disturbing the verdict and judgment entered below.

No error.