CHESTER R. MORRIS, RAY T. ADAMS, R. P. MIDGETTE and JEANNETTE F. SIMPSON v. W. J. TATE, IRENE SEVERN, PAULINE T. WOODARD, ELIJAH W. TATE and LOUIS J. TATE.

(Filed 2 March, 1949.)

**1. Quieting Title § 2—**

In this action to quiet title, the evidence *is held* not so unequivocal and not so clear in its inferences as to justify an instructed verdict in plaintiffs' favor.

**2. Trial § 31b—**

Ordinarily the trial court is required by G.S. 1-180 to state the evidence to which he applies the law, and while this requirement may be dispensed with when the facts are simple, yet, even in cases where the evidence justifies an instructed verdict, the credibility of the evidence is for the sole determination of the jury and therefore a recapitulation of the evidence may be necessary.

**3. Trial § 28—**

The correct form of an instructed verdict is that if the jury "find from the evidence the facts to be as all the evidence tends to show" rather than a direction as to how the jury should find the issue, since the credibility of the evidence remains the function of the jury. G.S. 1-180.

DEFENDANTS' appeal from *Edmundson, Special Judge,* October 1948 Term of DARE Superior Court.

*Martin Kellogg, Jr., John H. Hall, and McMullan & Aydlett for plaintiffs, appellees.*

*Worth & Horner for defendants, appellants.*

SEAWELL, J.    The plaintiffs brought this action to remove a cloud upon the title to a small tract of land near Kitty Hawk, in Dare County, alleging that defendants wrongfully claim to be the owners.

The complaint sets up by metes and bounds the land in controversy, averring ownership and possession, and refers to a purported conveyance under which defendants claim.    The defendants, answering, admit and reaffirm their claim to the tract of land described, and refer to the deed mentioned in the complaint as constituting the basis of the claim.    Plaintiffs, replying, set up a deed executed prior to this conveyance, allegedly from a common source, under which they claim, alleging that it includes the *locus* in controversy, and, by *mesne* conveyance, puts title in them.

On the trial these deeds appear in plaintiffs' evidence in efforts to show this common source of title; and the gravamen of the controversy in the lower court lay in the validity of this document and the character and effectiveness of the evidence introduced to locate its boundaries in relation to the disputed tract.

The defendants attacked the deed directed to this purpose as void for want of sufficient description, and contend that the oral evidence was not sufficient to establish the boundaries of the purported conveyance even if such defect did not exist, or to justify an inference that the disputed tract lay within its boundaries.

The evidence, both documentary and oral, was extensive, although not voluminous, and was not free from the complications usually met with in cases of this kind.

At the conclusion of plaintiffs' evidence and again at the conclusion of all the evidence, the defendants demurred thereto and moved for judgment of nonsuit.    The demurrer was overruled and defendants excepted.

The following issues were submitted:

"1. Is the 8.58 acre, more or less, tract of land described in section first of the complaint included in the 52 acre, more or less, tract of land described in the deed from W. J. Tate and wife to Frank Stick, being plaintiffs' Exhibit 1?

"2. Are the plaintiffs the owners of and entitled to the possession of the lands described in section 1 of the complaint?"

The judge, in his charge to the jury, announced that he was "of the opinion that the plaintiffs are entitled to a directed verdict," and that he would not, in this instance recapitulate the evidence or contentions of the parties, "because upon all the evidence and the law as the court under-

stands its application to the evidence in this case, the plaintiffs are entitled to a directed verdict."

Thereupon the court instructed the jury as follows:

> "If you believe all of the evidence in this case and believe it to be true by its greater weight, you will answer the issue yes, and it would then follow upon that issue that as a matter of law the Court would answer the second issue." Adding, "You may retire and make up your answer to that issue as directed."

The court recalled the jury and gave the additional instruction:

> "I had this to say to the jury: That in connection with this case the Court has directed a verdict, that is to say, I have instructed you that if you believe all the evidence and believe it to be true by the greater weight of the evidence, you will answer the first issue yes. I did not know whether that instruction was clear to you, and I called you back to again repeat and reiterate that instruction, which is termed a directed verdict. The Court directs you, the jury, in your verdict or answer to the issue. You may retire."

The jury was again recalled by the court and the following instruction given:

> "I made my instruction as simple as I could and as clear as I could and if the jury has not reached a unanimous verdict, you may retire and consider it further."

To each of the instructions noted the defendants made exception.

The court again recalled the jury and in response to inquiry by the court, the jury announced that it had agreed. The jury answered the first issue "yes," and the court answered the second issue "yes," declined to set the verdict aside for errors committed, to which defendants excepted, and over defendants' objection and exception, entered judgment upon the verdict. Defendants appealed.

Upon this record the defendant appellants stress these challenges to the trial, covered by their exceptions: (a) The refusal of the court to sustain their demurrer to the evidence; the failure of the judge "to state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon"; and the exceptive instructions to the jury above noted.

1. The Court at this juncture is not prepared to say that there are no inferences to be drawn from the evidence in support of plaintiffs' case, or to pass adversely on its submission to the jury.

2. G.S. 1-180, so intimate in its prescription for the conduct of the trial judge, is, perhaps, the most often cited statute on either criminal

or civil appeals. It was intended, of course, to keep inviolate the line between the functions of court and jury,—the one as dispenser of the law, the other as triers of the facts,—and thus to preserve the integrity of trial by jury. But it does more. It provides a co-operative program by which these parts of the court may work together as a single intelligent agency in judicial investigation and determination. The statute, therefore, sensibly requires, on the part of the judge, a statement of the evidence to which he is attempting to apply the law. It is true that our decisions have rationalized the statute so that the statement of the evidence it requires may be dispensed with when the facts are simple; *Duckworth v. Orr,* 126 N.C. 674, 677, 36 S.E. 150; *S. v. Reynolds,* 87 N.C. 544; *S. v. Grady,* 83 N.C. 643; thus leaving the court another troublesome penumbra to deal with in its line-fixing burdens.

But we do not find the evidence in the present case such as to justify a disregard of this requirement of the statute; nor do we think that the fact that the trial judge thought it incumbent upon him to give an instructed verdict was sufficient to change the rule,—since the evidence, notwithstanding, must be dealt with by the jury; and the fact that they are to deal alone with its credibility under such an instruction does not entirely obviate the error. Credibility may depend on many things not connected with veracity;—amongst them, as applicable to the present situation, the opportunity with which the witness may have had to observe the facts to which he testifies and the physical conditions about which he is speaking. The submission of the evidence to the jury was not merely *pro forma,* and even under such instruction their finding, when honestly made, is entitled to respect. The information promised them by the statute, therefore, cannot ordinarily be withheld.

The defendants object to the language in which the instructions were given and the reiterations by the court when the jury was recalled several times *ex mero motu* and insistence placed on compliance with these instructions. The language used in one of above instructions seems to lend the force of judicial compulsion to the requirement that the verdict should be rendered "as directed" in contravention to this rule.

We need not consider these objections minutely since, in our opinion, the evidence upon the trial was not so univocal or so clear in its inferences and tendencies as to justify the instruction and it must be held for error. *Perry v. Trust Co.,* 226 N.C. 667, 40 S.E. 2d 116; *Armour Fertilizer Works v. Cox,* 187 N.C. 654, 122 S.E. 479.

It is proper to say that the formula adopted by the judge when giving the questioned instruction, while sometimes passed by the appellate court when it appears no prejudice has followed, is not approved. *S. v. Loftin,* 186 N.C. 205, 119 S.E. 200; *S. v. Singleton,* 183 N.C. 738, 110 S.E. 846; *Brooks v. Orange Rice Mill Co.,* 182 N.C. 258, 108 S.E. 725. Where a

directed verdict is proper (that is, where all the evidence points in the same direction with but a single inference to be drawn) a formula has been suggested as more consistent with the office of the jury,—"if you find from the evidence the facts to be as all the evidence tends to show you will answer the issue," etc.

For these reasons the defendants are entitled to a new trial, and it is so ordered.

New trial.