STATE OF NORTH CAROLINA v. JEFFERY LEVON EASON

No. 232A84

(Filed 6 November 1984)

**Criminal Law § 113.1— instructions—failure to summarize defendant's evidence**
> The trial court did not commit error in failing to summarize defendant's evidence while instructing the jury pursuant to G.S. 15A-1232.

DEFENDANT appeals as a matter of right pursuant to G.S. 7A-30(2) from a decision of a divided panel of the Court of Appeals, 67 N.C. App. 460, 313 S.E. 2d 221 (1984), affirming the judgment entered by *Brewer, J.,* at the 31 January 1983 Criminal Session of Superior Court, JOHNSTON County, finding defendant guilty of first degree burglary.

*Rufus L. Edmisten, Attorney General, by William B. Ray, Assistant Attorney General, for the State-appellee.*

*Adam Stein, Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant-appellant.*

PER CURIAM.

The Court of Appeals correctly held that the trial court did not commit error when the trial judge gave no summary of defendant's evidence while instructing the jury pursuant to G.S. 15A-1232. Defendant argues that *State v. Ardrey*, 232 N.C. 721, 62 S.E. 2d 53 (1950) supports his argument that litigants in North Carolina have traditionally been granted relief when the trial court fails to summarize any evidence in violation of G.S. 15A-1232. Additionally, the defendant and the dissent from the Court of Appeals' majority opinion cite *State v. Best*, 265 N.C. 477, 144 S.E. 2d 416 (1965) for the proposition that "[o]nly when the evidence is simple and direct and without equivocation and complication is the failure to summarize any evidence harmless error." 67 N.C. App. at 465, 313 S.E. 2d at 224 (Becton, J., dissenting).

We cannot uncritically adhere to the holding in *Best* and perpetuate a narrow exception to a rule that did not exist then nor at present. In conducting a keen re-examination of *Best*, we find that the statute in effect at that time, G.S. 1-180 (1953) (repealed 1977), stated that the trial judge "shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; . . . ." This language is generally equivalent to the current version of the statute contained in G.S. 15A-1232 (1983) that states the judge "is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence."

It appears, however, that the court in *Best* carved an exception to this statute by quoting from and relying upon a case, *Morris v. Tate*, 230 N.C. 29, 51 S.E. 2d 892 (1949),[1] decided pursuant to an earlier version of the same statute, which required the judge to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." N.C. Gen. Stat. § 1-180 (1943) (repealed 1977). This same statute was also in effect when *Ardrey* was decided. Obviously, the 1943 statute is in

---

1. This case held that the judge can dispense with a statement of evidence when the facts are simple, thus allowing the judge to bypass the statutory mandate in effect at that time which required a judge to give a plain and correct statement of the evidence presented in the case.

sharp contrast to both the statute in effect at the time *Best* was decided[2] and the current version[3] of the same statute.

It seems, therefore, that the narrow exception to G.S. 1-180 espoused in *Morris v. Tate* was misapplied in *Best*, since the 1943 statute was amended in 1951 and no longer required a trial judge to state or explain the evidence given in the case, unless such an explanation was necessary to an application of the law. Essentially, what was once the exception had since been swallowed up by the general rule.

Accordingly, we agree with the majority of the Court of Appeals that the trial judge did not commit plain error in failing to summarize the defendant's evidence. Neither G.S. 15A-1232 nor the cases previously cited command a different result. The decision of the Court of Appeals is

Affirmed.

---

2. N.C. Gen. Stat. § 1-180 (1953).

3. N.C. Gen. Stat. § 15A-1232 (1983).