STATE OF NORTH CAROLINA v. ANTHONY WOOD HEATH

No. 848SC1280

(Filed 15 October 1985)

1. **Criminal Law § 91.1— continuances—exclusion of time from statutory speedy trial period—sufficiency of findings**

The trial court's finding in each of five orders granting continuances that the continuance was granted "for the reasons above," that is, for the grounds stated in the motion for continuance, constituted a sufficient recitation of the court's reasons for making the finding set forth in G.S. 15A-701(b)(7) that "the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial," and the 155-day delay caused by

State v. Heath

the continuances was properly excluded from the statutory speedy trial time limits where two of the motions recited as grounds that the trials of other cases had prevented the trial of this case, and the other three motions recited the unavailability of defendant's counsel as the reason for the requested continuance.

2. **Constitutional Law § 51— delay between arrest and trial—constitutional right to speedy trial not violated**

Defendant was not denied his Sixth Amendment right to a speedy trial by a five-month delay between arrest and indictment and an additional eight-month delay between indictment and trial since (1) the pre-indictment delay was not so unreasonable as to be oppressive *per se*, and defendant failed to show that such delay was due to any intentional conduct by the prosecutor or that the delay could have been avoided by reasonable effort; (2) defendant did not assert his right to a speedy trial until the day his trial began; and (3) defendant failed to show any prejudice from the delay other than a general allegation of faded memory.

3. **Criminal Law § 50.1; Rape and Allied Offenses § 4.3— mental condition of rape victim — expert testimony**

In a prosecution for rape and sexual offense against a thirteen-year-old victim, testimony by a clinical psychologist that nothing in the victim's record or current behavior indicated a mental condition which could cause her to fabricate her story of sexual assault was not testimony relating to a character or trait of character prohibited by G.S. 8C-1, Rule 405(a) but constituted proper opinion testimony on mental condition. G.S. 8C-1, Rule 702.

4. **Criminal Law § 99.2— trial judge meeting with witness after testimony—no prejudicial expression of opinion**

The trial judge's action in asking to meet with a medical witness in chambers following his testimony did not constitute a prejudicial expression of opinion on the credibility of the witness since any error in the judge's request to meet with the witness did not give rise to a reasonable possibility that, had such error not been committed, a different result might have been reached. G.S. 15A-1443(a).

5. **Criminal Law § 113.1— failure to summarize evidence—no plain error**

Failure of the trial judge to summarize defendant's evidence was not plain error entitling defendant to a new trial even though he did not object to the instructions at trial.

6. **Criminal Law § 138— mitigating circumstance—honorable discharge from armed services**

The trial court erred in failing to find the statutory mitigating factor that defendant had been honorably discharged from the armed services, G.S. 15A-1340.4(a)(2)(o), where defendant gave uncontradicted testimony that he had served in the Army for approximately six years and was honorably discharged.

Judge BECTON dissenting.

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 24 July 1984 in Superior Court, LENOIR County. Heard in the Court of Appeals 29 August 1985.

Defendant was indicted for two counts of second degree sexual offense and one count of second degree rape, all alleged to have been committed against Victoria (Vickie) Purser on 5 February 1983. The State offered evidence tending to show that Vickie Purser, 13 years of age, was visiting at a friend's house when defendant, who lived next door and was well-known to Vickie, forced her into his house and committed cunnilingus, fellatio and vaginal intercourse with her, against her will. Defendant, who was 56 years of age, admitted that Vickie and other neighborhood children visited him frequently but denied that he had ever assaulted or had any sexual contact with her. He offered evidence in refutation of Vickie's credibility concerning the incident and evidence in support of his own good character and truthfulness. A jury found defendant guilty as charged of all counts. The counts were consolidated and an active sentence of ten years was imposed. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Gordon Widenhouse, for defendant.*

MARTIN, Judge.

In his appeal, defendant contends that the trial court erred (1) in denying his motion to dismiss for failure of the State to provide him a speedy trial, (2) in admitting testimony by a clinical psychologist as to the absence of any mental condition in Vickie Purser which would cause her to fabricate her story, (3) in expressing an opinion as to the credibility of a witness, (4) in failing to summarize evidence favorable to defendant, and (5) in failing to find a statutory factor in mitigation of punishment. We have carefully considered each of defendant's assignments of error and find no prejudicial error in the trial. However, we must remand the case for a new sentencing hearing.

By his first assignment of error, defendant asserts that the trial court erred in denying his motion to dismiss the charges for

State v. Heath

the State's failure to provide him with a speedy trial. Defendant asserted violations of the provisions of G.S. 15A-701 *et seq.* and of his constitutional rights to a speedy trial. To determine this issue we must examine the facts of this case.

Vickie Purser first reported this incident to one of her teachers around the first part of June 1983. At that time, she reported that she believed the incident had occurred on 12 March 1983. A warrant was issued and served on defendant on 8 June 1983. Sometime later, Vickie recalled that the incident had occurred on 5 February. A probable cause hearing was conducted on 20 September 1983, at which time defendant was informed that the offense was alleged to have occurred on 5 February rather than 12 March. True bills of indictment were returned by the grand jury on 7 November 1983. Defendant's trial commenced on 16 July 1984, 252 days after he was indicted. During the period between indictment and trial, five written orders of continuance were entered by the court, excluding a total of 155 days from the time limits imposed by G.S. 15A-701(a1)(1).

[1] Defendant contends that each of these written orders for continuance was deficient, and therefore ineffective to exclude the period of continuance from the time limitations of the statute, because the orders fail to set forth, as required by G.S. 15A-701 (b)(7), the reason for the finding "that the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial. . . ." We find no merit in this contention. Each of the orders followed a written motion for continuance, and appeared on the same preprinted form as the motion. Two of the motions recited as grounds that the trials of other cases had prevented the trial of this case, the other three recited the unavailability of defendant's counsel as the reason for the requested continuance. On each occasion, the court ordered the time excluded upon the finding:

> Considering the factors set forth in G.S. 15A-701(b)(7), the Court finds as a fact that the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial and therefore grants the continuance *for the reasons above.* (Emphasis added.)

We hold that the court's reference to the grounds stated in the motion for continuance is a sufficient recitation of its reasons for

making the finding which G.S. 15A-701(b)(7) requires in order to exclude delays occasioned by the granting of a continuance.

[2] Defendant also asserts a violation of his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. A determination of whether a criminal defendant has been deprived of his constitutional right to a speedy trial must be made in the light of the facts of each case, and involves a consideration of such factors as length of delay, reason for delay, defendant's assertion of the right to a speedy trial, and the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 33 L.Ed. 2d 101, 92 S.Ct. 2182 (1972).

In the case *sub judice*, there occurred a five month delay between arrest and indictment, and an additional eight month delay between indictment and trial. The record does not disclose the reason for the pre-indictment delay. However, the length of delay, taken alone, is not dispositive, *State v. Smith*, 289 N.C. 143, 221 S.E. 2d 247 (1976). "The burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the prosecution." *Id.* at 148, 221 S.E. 2d at 250. In this case the delay between arrest and indictment was not so unreasonable as to be oppressive *per se*, and defendant made no showing that the delay in conducting the probable cause hearing or in obtaining the bills of indictment was due to any intentional conduct on the part of the prosecutor, or even that, by reasonable effort, the delay could have been avoided. The delay between indictment and trial appears from the record to be due primarily to congested court dockets and the unavailability, for various reasons, of defendant's trial counsel.

We also consider it significant that defendant did not assert his right to a speedy trial until the day his trial began, when he moved to dismiss the charges. Up to that point, defendant had not objected to any of the motions to continue his trial nor had he taken any other measures to secure for himself an earlier trial.

Finally, we must consider the extent of the prejudice resulting from the delay. Defendant contends that he was prejudiced by not knowing, until the date of the probable cause hearing, that the offense was alleged to have been committed on 5 February 1983 rather than 12 March 1983 as alleged in the warrant. This discrepancy, he claims, hampered his ability to present

evidence of alibi, "in that he is unable to specifically recall what he did on February 5, 1983, and is unable to prepare a defense to the charge." General allegations of faded memory are not sufficient to show prejudice resulting from delay; defendant must show that evidence lost by delay was significant and would have been beneficial. *State v. Marlow*, 310 N.C. 507, 313 S.E. 2d 532 (1984). Defendant made no showing that any better alibi evidence would have been available to him had the original warrant alleged the date of the offense as 5 February 1983, or had the case been tried any earlier.

We conclude, upon balancing these factors, that defendant has failed to show that the delay between his arrest and trial was unreasonable, that it substantially prejudiced the presentation of his defense, or that he objected to it. This assignment of error is overruled.

[3] Defendant assigns error to the admission of certain testimony by Deborah Broadwell, an expert witness in the field of clinical psychology who testified for the State. On direct examination, Mrs. Broadwell testified that Vickie Purser was suffering from major depression when she was first seen at the Lenoir County Mental Health Center, exhibiting symptoms consistent with an adolescent's reaction to a sexual attack. On cross-examination, defendant's counsel questioned Mrs. Broadwell concerning various arguably inconsistent statements which Vickie Purser had made to personnel at the mental health center and were contained in her records. He had previously cross-examined Vickie as to whether she "had lied about so many other things" and had cross-examined Vickie's mother as to whether she had had a problem with Vickie "making up stories." Defendant's assignment of error relates to the following questions, answers, and rulings of the trial court which occurred during redirect examination of Mrs. Broadwell:

Q. Mrs. Broadwell, do you have an opinion satisfactory to yourself as to whether or not Vickie was suffering from any type of mental condition in early June of 1983, or a mental condition which could or might have caused her to make up a story about the sexual assault?

Objection

Court: Overruled

Q. What is your opinion?

A. There is nothing in the record or current behavior that indicates that she has a record of lying.

Defendant argues that the admission of this testimony violates G.S. 8C-1, Rule 405(a) which provides in part: "Expert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior." We disagree.

We observe first that the prosecutor's question was directed not to character but to the existence of a mental condition which might cause Vickie to fantasize or fabricate her account of the incident at the time she reported it in June 1983. Opinion testimony of an expert clinical psychologist is clearly admissible on the question of mental condition, the psychologist being in a better position than the jury to understand and interpret the mental behavior of an individual. *See* H. Brandis, Stansbury's North Carolina Evidence 2nd Rev. Ed. (1982), §§ 127, 132, 134; G.S. 8C-1, Rule 702. Even though not directly applicable because evidence of Vickie's prior sexual behavior was not offered, G.S. 8C-1, Rule 412(b)(4) suggests that expert psychological opinion testimony as to whether a complainant fantasized a sexual assault is admissible. Where, as here, it is suggested the victim may have had a history of fantasizing or fabricating stories, expert psychological or psychiatric testimony should be admissible to show that the victim does or does not suffer from a mental condition suggestive of fabrication. We hold that the objection to the question was properly overruled.

Admittedly, Mrs. Broadwell's answer was not strictly responsive to the question, however there was no motion to strike it. Even so, we believe that, taken in context, the clear import of the answer was that Mrs. Broadwell had found no evidence from the mental health records or from her treatment of Vickie to indicate that Vickie suffered from a mental condition indicative of fabrication of her story. Mrs. Broadwell did not conclude that Vickie was not, in fact, lying about the incident nor did she express an opinion that Vickie had actually been raped. Her testimony did not relate to the guilt or innocence of defendant as was the case in *State v. Keen*, 309 N.C. 158, 305 S.E. 2d 535 (1983). In *Keen* our Supreme Court ordered a new trial because a psychiatrist was permitted to testify that "an attack occurred on the victim" and

"that this was a reality." Because defendant admitted that he and the victim were together at the time of the alleged attack, the Court found that the psychiatrist's testimony was a clear expression of opinion as to defendant's guilt. Mrs. Broadwell's response was not an expression of an opinion as to defendant's guilt, rather it was an opinion concerning a mental condition, which is properly the subject of expert testimony. This assignment of error is overruled.

[4] By his next assignment of error, defendant contends that the trial judge impermissibly expressed an opinion concerning the credibility of Dr. Rudolph Mintz, who testified for the prosecution. After Dr. Mintz completed his testimony, the judge stated: "Excuse me just a minute. I want to speak to the doctor." The record reflects that the judge met briefly with Dr. Mintz in chambers. Defendant contends that, by his actions, the judge indicated to the jury that he placed particular confidence in the witness's testimony.

It is well established in North Carolina that trial judges must not directly or indirectly suggest, by words or conduct, an opinion that bears upon the credibility of a witness or the weight to be given his testimony. *State v. Belk*, 268 N.C. 320, 150 S.E. 2d 481 (1966). Our Supreme Court has suggested, without deciding, that a trial judge who engaged in conversation with a witness at the bench, after the witness had testified, may have improperly suggested an opinion as to the credibility of the witness. *See State v. Myers*, 309 N.C. 78, 305 S.E. 2d 506 (1983). But not every impropriety on the part of the judge results in prejudicial error; whether the judge's actions amount to reversible error is a question to be considered in light of all of the circumstances, and the burden is on the defendant to show prejudice. *State v. Blackstock*, 314 N.C. 232, 333 S.E. 2d 245 (1985). In order to show prejudice, the defendant must meet the requirements of G.S. 15A-1443(a) by showing that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. . . ." *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983).

Dr. Mintz, an expert witness in the field of obstetrics and gynecology, testified that he found upon a physical examination of Vickie Purser that her vaginal opening had been penetrated in-

dicating to him that she had had sexual intercourse "more than once and less than five times." He did not render any opinion as to with whom or when the intercourse had taken place or as to whether or not it was forcible. Although we believe that the judge should have avoided any intimation of familiarity with the witness, we are satisfied, under the circumstances of this case, that the judge's request to speak with Dr. Mintz could not have amounted to error giving rise to a reasonable possibility that, in the absence of the request, a different result might have been reached. This assignment of error is overruled.

[5]  Defendant next assigns as error the failure of the trial judge to summarize his evidence while instructing the jury. Our review of the record reveals that defendant failed to object to the jury instructions at trial. He is therefore precluded from raising the issue on appeal unless the court's failure to summarize the evidence can be said to be plain error. *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983); N.C. R. App. P. 10(b)(2). This issue has been squarely addressed in *State v. Eason*, 312 N.C. 320, 321 S.E. 2d 881 (1984), where the Supreme Court held that the failure of the trial judge to summarize defendant's evidence is not plain error.

[6]  By his final assignment of error, defendant contends that the trial court erred in failing to find a statutory mitigating factor. Defendant was convicted of three Class D felonies; the presumptive sentence for each offense is twelve years. The court consolidated all of the offenses and imposed a ten year sentence. Pursuant to G.S. 15A-1444(a1), defendant has no right to direct appeal of his sentence since the prison term imposed is less than the presumptive term. Recognizing that he has no appeal as of right from the sentence, defendant asks that we treat his argument as a petition for writ of certiorari to review this issue. In the exercise of our discretion, we will allow the petition and review the issue.

Defendant testified that he had served in the Army for approximately six years and was honorably discharged. This testimony was uncontradicted, the record reveals no reason to doubt its credibility, and it supports the existence of a mitigating factor specifically listed in G.S. 15A-1340.4(a)(2). Although the trial judge found, in mitigation, that defendant had a good reputation and no

criminal record, there is no indication that he considered the defendant's honorable military service. We are unable to say that, had he considered the statutory factor, it would have had no additional mitigating value. Therefore we must hold the failure of the court to find this statutory mitigating factor to be error requiring that defendant be afforded a new sentencing hearing. *See State v. Gardner,* 312 N.C. 70, 320 S.E. 2d 688 (1984).

No error in the trial.

Remanded for a new sentencing hearing.

Judge WEBB concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Because I disagree with the majority's analysis regarding the admissibility of Mrs. Broadwell's testimony, and because I believe the testimony was prejudicial, I dissent.

The majority observes that "the prosecutor's question was directed not to character but to the existence of a mental condition which might cause Vickie to fantasize her account of the incident." *Ante* p. 270. On the facts of this case, the distinction between a character trait of lying or fantasizing and a mental condition causing one to lie or fantasize is subtle at best and, perhaps, illusory. In any event, Mrs. Broadwell, as an expert witness, clearly expressed an opinion on the truthfulness of the witness (Vickie).

I believe that the last sentence in Rule 405(a) — "Expert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior" — controls this assignment of error. Rule 405, which delineates the permissible methods of proving character, is identical to Federal Rule 405 except that the last sentence was added by our legislature. Rule 608(a) provides:

> (a) *Opinion and reputation evidence of character.* — The credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion as provided in Rule 405(a), but subject to these limitations: (1) the evidence

may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

The Commentary explains that this Rule is identical to its federal counterpart except for the addition of the language "as provided in Rule 405(a)." The Commentary continues: "The reference to Rule 405(a) is to make it clear that expert testimony on the credibility of a witness is not admissible." Thus, if Mrs. Broadwell expressed an expert opinion on the credibility of the witness, as I believe she did, her opinion should have been excluded. This case was close, and Mrs. Broadwell's opinion that "nothing . . . indicates that [Vickie] has a record of lying" could have tipped the balance since it prejudicially suggests that the complainant was truthful in her account of the incident with the defendant.

I also cannot subscribe to the view that Rule 412(b)(4) implicitly permits expert psychological or psychiatric opinion as to whether a complainant fantasized the act involved. Rule 412 relates only to the admissibility of evidence of sexual behavior, not of a character for truthfulness, and it was enacted to deal with the special and unique problems presented by the attempt to introduce evidence of the complainant's past sexual behavior. In the case at bar, neither the question nor the answer involved such evidence. The question asked about the evidence of the complainant's "mental condition," and the answer involved her "record of lying."